IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WELDON, :
:
    Plaintiff :
: CIVIL NO. 1:CV-16-0601
vs. :
: (Judge Caldwell)
MR. POTSKIO, *et al.*, :
:
    Defendants :

*M E M O R A N D U M*

I.   *Introduction*

On April 6, 2016, Robert C. Weldon, an inmate at the state correctional institution in Dallas, Pennsylvania, filed this civil-rights action pursuant to 42 U.S.C. § 1983, claiming that SCI-Dallas officials hid a handcuff key in his personal property and then issued him a misconduct for the possession of this contraband in retaliation for filing lawsuits and being a sex offender.  (Doc. 1, Compl.)  Named as defendants are the following ten SCI-Dallas employees: Mr. Potskio; Mr. Starszinski; Mr. Martan; Mr. Wilk; Mr. McNulty; Mr. Piskorik; Sgt. McCoy; CO Hogan; Lt. Robaczewski; and Deputy Superintendent Zackurauskus.

Attached to the Complaint are copies of Plaintiff's March 4, 2016, misconduct report and related documents, including the Hearing Examiner's Report and Plaintiff's appeal to the Program Review Committee (PRC).  As relief Plaintiff seeks monetary

damages, a "federal investigation" of the Pennsylvania Department of Corrections, criminal charges against the defendants, and suspension of his "current sentence." (*Id.*, ECF p. 3).

Along with his Complaint, Weldon submits a motion seeking leave to proceed *in forma pauperis*. (Doc. 2). This motion will be denied because Plaintiff does not qualify for in forma pauperis status since he has three previous unsuccessful actions or appeals that qualify as "strikes" under 28 U.S.C. § 1915(g). The action will therefore be dismissed without prejudice, unless Plaintiff pays the requisite filing fee of $400.[1]

II.     *Standard of Review*

Pursuant to 28 U.S.C. § 1915(a)(2), "[a] prisoner seeking to bring a civil action or [to] appeal a judgment in a civil action" may proceed "without prepayment of fees or security therefor," if the prisoner can demonstrate that he or she is unable to pay the fees. *See also Ball v. Famiglio*, 726 F.3d 448, 451-52 (3d Cir. 2013). However, pursuant to 28 U.S.C. § 1915(g), a prisoner who has, on three or more occasions, either filed an action in a federal district court or filed an appeal, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. *See* 28 U.S.C. § 1915(g); *Ball,* 726 F.3d at 467.

"[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar v.*

---

[1] Effective May 1, 2013, an administrative fee of $50.00 is to be paid in addition to the $350.00 filing fee required upon filing of a civil action, for a total of $400.00. The $50.00 fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

*McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).  "By using the term 'imminent,' Congress indicated that it wanted to . . . prevent impending harms, not those harms that had already occurred." *Id.* at 312-15.  Practices that "may prove detrimental . . . over time" also do not represent imminent dangers as the harm is not "about to occur at any moment." *Ball*, 726 F.3d at 468 (quoting *Abdul–Akbar*, 239 F.3d at 315) (internal quotation marks omitted).  Further, even if an alleged harm may in fact be "impending," it does not satisfy the exception, if it does not threaten to cause "serious physical injury."  28 U.S.C. § 1915(g).  Vague or conclusory allegations are insufficient to meet this standard.  *See Ball*, 726 F.3d at 468.

III.   *Background*

As noted above, Weldon accused SCI-Dallas prison staff of placing a handcuff key in his property.  On March 4, 2016, the cell he shared with another inmate was searched and the handcuff key was discovered.   Capt. Piskorik and Lt. Robaczewski interviewed Plaintiff and his cellmate.  While Capt. Piskorik claims Weldon told him and Lt. Robaczewski "that it was his cuff key," (Doc. 1, ECF p. 8, Compl.), Weldon denies ever making such a statement.  (*Id.*, ECF p. 9).  On March 18, 2016, the Hearing Examiner, relying on Capt. Piskorik's written report, found Weldon guilty of Possession of Contraband (implements of escape). (*Id.*, ECF p. 10).  He received a disciplinary sanction of ninety-days disciplinary custody.  The PRC denied his appeal on March 24, 2016.  (*Id.*, ECF pp. 11 - 12).  Weldon then filed an appeal to the Superintendent, noting that he disagreed with the Hearing Examiner's findings.  (*Id.*, ECF p. 13).

Weldon explains that he filed his Complaint prior to the completion of his misconduct appeal because of "the abuse [he's] being put through is too serious to delay filing and filing is to put a stop to it." (*Id.*, ECF p. 2). He implies prison staff have in the past used "prisoners to beat [him] and that a camera cell is the only thing keeping [him] safe." (*Id.*, ECF p. 3; *see also* Doc. 2, ECF p. 2).

IV.   *Discussion*

In Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2), he indicates he has not filed three or more actions or appeals in the courts of the United States that were dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted. He is incorrect.

The court takes judicial notice of the following civil-rights actions or appeals filed by Weldon that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted: (1) *Weldon v. Wickiser,* Civ. No. 1:CV-07-0077 (M.D. Pa. Jan. 25, 2007) (Caldwell, J.); (2) *Weldon v. District Court William Caldwell*, Civ. No. 3:CV-07-0243 (M.D. Pa. Feb. 9, 2007) (Conaboy, J.); and (3) *Weldon v. Cywinski*, No. 06-3753 (3d Cir. Mar. 29, 2007). These dismissals qualify as "strikes" for the purpose of determining whether Weldon may proceed *in forma pauperis* in this action.

Next, we consider Weldon's claim of "imminent harm." He has not alleged he is in imminent harm of serious physical injury. 28 U.S.C. § 1915(g). To the contrary, he claims that he is "safe" due to his current placement in a cell with a camera. While he argues that staff have urged inmates to assault him in the past, his present statement that

-4-

he is "safe" is more relevant to our consideration of his claim of "imminent harm." Thus, the court finds that Weldon has failed to allege with specificity any facts showing that there is a likelihood that he will suffer "imminent serious physical injury" sufficient to invoke the exception that would allow him to proceed in forma pauperis.

V.    *Conclusion*

The court finds Plaintiff has "three strikes" which preclude him from proceeding *in forma pauperis* under 28 U.S.C. § 1915(a)(2). Additionally, the court finds that at the time the Complaint was filed, April 6, 2016, Plaintiff was not under imminent danger of serious physical injury. Because Weldon cannot avail himself of § 1915(g)'s imminent-danger exception, he may not proceed in this action without prepayment of the $400.00 filing fee. Should Weldon pay the full filing fee, the court will proceed to screen his Complaint pursuant to 28 U.S.C. § 1915A.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 22, 2016